# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| DO IT BEST CORP., | ) | |
| | ) | CASE NO.: O1 C 7674 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JUDGE PALLMEYER |
| | ) | |
| PASSPORT SOFTWARE, INC., | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| Defendant, | ) | |
| _____ | ) | |
| PASSPORT SOFTWARE, INC., | ) | |
| | ) | |
| Counter-plaintiff, | ) | |
| v. | ) | |
| | ) | Motion to be presented: |
| DO IT BEST CORPORATION | ) | January 20, 2004 at 9:00 a.m. |
| f/k/a HARDWARE | ) | |
| WHOLESALERS, INC., | ) | |
| | ) | |
| Counter-Defendant. | ) | |

## NOTICE OF MOTION

To: Daniel P. Albers
Jon Frommel
Barnes and Thornburg
One North Wacker Drive
Suite 4400
Chicago, IL 60606
312/759-5646

D. Randall Brown
600 One Summit Square
Fort Wayne, IN 46802
260/424-8316

R. Conner Heist
120 S. Riverside Plaza
Suite 1065
Chicago, IL 60606
312/780-1973

PLEASE BE ADVISED that on January 20, 2004 at 9:00 a.m., I shall appear before the Honorable Judge Rebecca Pallmeyer or any judge sitting in her stead in Courtroom 2119, Dirksen Federal Building, 219 S. Dearborn, Chicago, IL and then and there present **PASSPORT'S MOTION TO DISQUALIFY** a copy of which is hereby served upon you, AT WHICH TIME YOU MAY APPEAR AND BE HEARD.

By: one of its attorneys

Forrest L. Ingram
Julie A. Boynton
Michael Biel
79 W. Monroe, Suite 1210
Chicago, IL  60603
312/759-2838
Atty. No. 3129032

## CERTIFICATE OF SERVICE

I, Crystal Brown, a non-attorney, under penalty of perjury as provided for in 28 U.S.C. § 1746 certify that I served a true and correct copy of the above and foregoing notice and the documents to which it refers on the persons listed above at the number listed above by facsimile service at or before 5:00 P.M. on January 7, 2004.

```
**************** -COMM. JOURNAL- ***************** DATE JAN-07-2004 ***** TIME 16:23 *********

        MODE = MEMORY TRANSMISSION              START=JAN-07 16:19   END=JAN-07 16:23

        FILE NO.=064

    STN    COMM.   ONE-TOUCH/   STATION NAME/TEL NO.                 PAGES      DURATION
    NO.            ABBR NO.

    001    OK      ☎            7595646                              008/008    00:00:54
    002    OK      ☎            12604248316                          008/008    00:01:00
    003    OK      ☎            7801973                              008/008    00:01:06
```

-FORREST L INGRAM PC

```
*********************************** -312 759 0298 - ***** - - ********
```

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| DO IT BEST CORP., | ) | |
| Plaintiff, | ) | CASE NO.: 01 C 7674 |
| | ) | |
| v. | ) | JUDGE PALLMEYER |
| | ) | |
| PASSPORT SOFTWARE, INC., | ) | **JURY TRIAL DEMANDED** |
| Defendant, | ) | |
| | ) | |
| PASSPORT SOFTWARE, INC., | ) | |
| Counter-plaintiff, | ) | |
| v. | ) | Motion to be presented: |
| | ) | January 20, 2004 at 9:00 a.m. |
| DO IT BEST CORPORATION | ) | |
| f/k/a HARDWARE | ) | |
| WHOLESALERS, INC., | ) | |
| Counter-Defendant. | ) | |

## NOTICE OF MOTION

To: Daniel P. Albers          D. Randall Brown          R. Conner Heist
Jon Frommel                   600 One Summit Square     120 S. Riverside Plaza
Barnes and Thornburg          Fort Wayne, IN 46802      Suite 1065
One North Wacker Drive        260/424-8316              Chicago, IL 60606
Suite 4400                                              312/780-1973
Chicago, IL 60606
312/759-5646

PLEASE BE ADVISED that on January 20, 2004 at 9:00 a.m., I shall appear before the
Honorable Judge Rebecca Pallmeyer or any judge sitting in her stead in Courtroom 2119,
Dirksen Federal Building, 219 S. Dearborn, Chicago, IL and then and there present
**PASSPORT'S MOTION TO DISQUALIFY** a copy of which is hereby served upon you, AT
WHICH TIME YOU MAY APPEAR AND BE HEARD.

By: one of its attorneys

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DO IT BEST CORP., | ) |
| | ) |
| Plaintiff, | ) CASE NO: O1 C 7674 |
| | ) |
| v. | ) |
| | ) JUDGE PALLMEYER |
| PASSPORT SOFTWARE, INC., | ) |
| | ) |
| Defendant, | ) **JURY TRIAL DEMANDED** |
| | ) |
| PASSPORT SOFTWARE, INC., | ) |
| | ) |
| Counter-plaintiff, | ) |
| v. | ) |
| | ) |
| DO IT BEST CORPORATION | ) |
| F/k/a HARDWARE | ) |
| WHOLESALERS, INC., | ) |
| | ) |
| Counter-Defendant. | ) |

## MOTION TO DISQUALIFY

Defendant and Counter-Plaintiff Passport Software, Inc. by and through its attorneys, for its motion to disqualify the law firm of Barnes and Thornburg, states as follows:

1. D. Randall Brown, Thomas Burroughs, Daniel P. Albers, Amy Lovell Wilson, and Jonathan Froemel, all attorneys of Barnes and Thornburg filed appearances on behalf of the Plaintiff, Counter-Defendant, and Third Party Plaintiff Do It Best Corp ("DIB").

2. Thomas Burroughs ("Burroughs") was former in-house counsel for DIB from March 1999 though June of 2001 and became a member of the law firm of Barnes and Thornberg in July of 2001.

125

3.  On or about May of 2003, PSI filed its motion to disqualify Burroughs and the law firm of Barnes and Thornberg.

4.  In response, Burroughs filed a motion seeking to withdraw as an attorney of record in the instant case which was granted.

5.  Based upon the fact that Burroughs had not yet been named a party the balance of the motion to disqualify was withdrawn without prejudice subject to renewal if Burroughs was made a party to the litigation.

6.  On or about October 30, 2003, PSI filed its third amended counterclaims naming Burroughs as a party defendant.

7.  Based upon the depositions taken of Burroughs and Karla Wygant ("Wygant") it has become apparent that Burroughs will be called as a witness by PSI and will offer testimony which is prejudicial to DIB.

8.  On or about April 23, 2003, PSI took the deposition of Karla Wygant ("Wygant"), an employee of DIB.

9.  During the deposition, Wygant testified that DIB continues to use the software which it received from PSI and is not using the software it received from Great Plains pursuant to the Source Code Agreement of November 2000. See **Exhibit A**, Deposition testimony of Karla Wygant, pg 23-24, said exhibit has been previously filed under seal with the court.

10. Wygant testified copyright notices of PSI were removed at the direction of Burroughs and Dave Haist ("Haist"), Chief Operating Officer of DIB. **Exhibit A,** pg. 47.

11. She further testified that DIB had removed the visible copyright notices of PSI so that when DIB members log onto the system, a splash screen appears, and no PSI copyright notice would appear. See **Exhibit A,** pg. 47.

2

12. At the time the software was delivered to DIB, PSI copyright notices appeared on all splash screens and in all source code programs. PSI did not learn of DIB's removal of its copyright notices until the deposition of Wygant.

13. In other deposition testimony, Wygant testified that Burroughs was the only person with whom she discussed the propriety of removing the copyright notices. **Exhibit A**, pg. 50.

14. The willful removal of copyright notices can constitute both an unlawful civil and/or criminal act. See 17 U.S.C. §506, 17 U.S.C. § 501.

15. On or about January 15, 2003, Burroughs was deposed by DIB and offered testimony which is prejudicial to DIB.

16. Burroughs testified that he gave advice to Wygant and Kay Williams ("Williams") about PSI copyright notices but refused to answer further questions posed to him about the copyright notices, claiming privilege. **Exhibit B,** deposition testimony of Thomas Burroughs, pg. 47, copy of said exhibit has been previously filed under seal with the court.

17. It appears from the testimony of Burroughs and from the privilege log, that Burroughs and DIB were consulting with Barnes and Thornburg regarding rights to the source code (**Exhibit B,** pg. 51) and presumably the copyright notices. See **Exhibit C**, copy of DIB privilege log.

18. Burroughs also testified that he and Barnes and Thornburg were engaged in settlement discussion in early 2001 with PSI's attorney in which ownership rights to the software were at issue.

19. Burroughs testified that as late as the summer of 2000, DIB was paying license fees to PSI in exchange for the licensing rights which PSI owned for the software delivered by PSI to DIB. **Exhibit B**, pg. 55.

20. DIB has asserted in paragraph 20 of its complaint that the license with PSI expired on January 19, 1994.

21. Burrough's testimony with respect to DIB's licensing of rights from PSI is inconsistent with and contrary to DIB's position taken in its complaint as it relates to licensing of software between DIB and PSI. Burroughs has authored written documents and testified licensing existed long after 1994 between DIB and PSI.

22. Problems that arise in a situation where an attorney acts as both advocate and witness include: 1) the possibility that, in addressing the jury, the lawyer will appear to vouch for his own credibility; 2) the unfair and difficult situation which arises when an opposing counsel has to cross-examine a lawyer-adversary and seek to impeach his credibility; and 3) the appearance of impropriety created, *i.e.,* the likely implication that the testifying lawyer may well be distorting the truth for the sake of his client. *Johnstone v. Wabick* 220 F.Supp.2d 899, 901 (N.D.Ill.,2002) citing *Culebras Enters. Corp. v. Rivera-Rios,* 846 F.2d 94, 99 (1st Cir.1988); see also *Interactive Coupon Marketing Group, Inc. v. H.O.T! Coupons, LLc* 1999 WL 409990, 2 (N.D.Ill.,1999); *National Union Fire Ins. Co. of Pittsburgh, Pa. v. Continental Illinois Corp.* 1988 WL 84738, 1 (N.D.Ill.,1988).

23. This issue is even more problematic when the law firm representing DIB also has one of its attorneys as a party to the litigation.

24. Further, Burroughs testified that he consulted with John Barce and Roland Coles, both of Barnes and Thornburg regarding the transaction with Great Plains as well as a third-party analyst of the PSI source code presumably related to PSI's ownership of the source code. **Exhibit B**, pgs. 11, 66.

4

25. Since testimony now indicates that Barnes and Thornburg may have been advising Burroughs, it appears that Barnes and Thornburg may also be required to offer testimony which will be prejudicial to DIB.

26. Further, Barnes and Thornburg may have a conflict with its client since its advice to Burroughs regarding the third party analysis of the PSI source code, as well as its advice regarding the transaction with Great Plains, may give rise to liability. [See Johnstone v. Wabick 220 F.Supp.2d 899, 901 (N.D.Ill.,2002) citing Owen v. Wangerin, 985 F.2d 312, 317 (7th Cir.1993) (permitting disqualification of attorney where court found a conflict existed, despite knowledge and consent of client)].

27. Based upon Barnes and Thornburg's participation and counsel to Burroughs on the source code issues and removal of copyright notices, PSI seeks Barnes and Thornburg's disqualification.

WHEREFORE Defendant and Counter-Plaintiff Passport Software, Inc. respectfully requests that this court enter an order disqualifying Barnes and Thornburg as counsel for DIB and granting PSI such other and further relief as may be just and equitable.

Respectfully submitted,

PASSPORT SOFTWARE, INC.

By: _One of its attorneys

Donald L. Johnson
33 N. Dearborn, Suite 1401
Chicago, IL  60603
312/263-7000
ARDC No. 1342460