# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Rebecca R. Pallmeyer | Sitting Judge if Other than Assigned Judge | Arlander Keys |
|---|---|---|---|
| **CASE NUMBER** | 01 C 7674 | **DATE** | 3/11/2004 |
| **CASE TITLE** | Do It Best Corporation vs. Passport Software, Inc. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
      ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Report and Recommendation hereby submitted to Judge Pallmeyer. It is recommended that the Motion [#125] of Defendant/Counter-Plaintiff Passport Software, Inc. to Disqualify be denied. AK
(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | 5 | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | MAR 12 2004 date docketed | |
| | Notified counsel by telephone. | | | |
| | Docketing to mail notices. | | docketing deputy initials | 156 |
| | Mail AO 450 form. | | | |
| ✓ | Copy to judge/magistrate judge. | | 3/11/2004 date mailed notice | |
| | FT/ courtroom deputy's initials | Date/time received in central Clerk's Office | FT mailing deputy initials | |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DO IT BEST CORPORATION, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> PASSPORT SOFTWARE, INC., ) <br> ) <br> Defendant, ) <br> _____ ) <br> PASSPORT SOFTWARE, INC., ) <br> ) <br> Counter-plaintiff, ) <br> ) <br> v. ) <br> ) <br> DO IT BEST CORPORATION, ) <br> ) <br> Counter-defendant. ) | No. 01 C 7674 <br><br> Judge Rebecca R. Pallmeyer <br><br> Magistrate Judge <br> Arlander Keys <br><br><br> MAR 1 2 2004 |

TO: THE HONORABLE REBECCA R. PALLMEYER,
UNITED STATES DISTRICT JUDGE

**REPORT AND RECOMMENDATION**

This case is before the Court on a Motion to Disqualify, filed by the defendant and counter-plaintiff, Passport Software, Inc. For the reasons set forth below, the Court recommends that the district court deny Passport's motion.

Facts & Procedural History

Do it Best is a member-owned cooperative that distributes hardware, lumber and building materials to approximately 4,300 member retailers worldwide. A large number of the member retailers use point-of-sale computer systems to purchase and track inventory, and to perform various accounting and business

156

functions. Passport is a licensed reseller of certain point-of-sale software owned by Real World Corporation. When Do it Best decided, in about 1988, to develop its own proprietary point-of-sale computer system, it contacted Passport to secure the Real World software, which Do it Best intended to use as the base for its system. Do it Best signed a license agreement for the software on January 19, 1989, and then began marketing and selling its computer system to its member retailers. Thereafter, based on feedback from those retailers, Do it Best began customizing the Real World software to obtain additional features and functionalities not present in the basic package. Do it Best did some of the customization projects in house. But, periodically, Do it Best would also contract with Passport for the creation of various custom features to be integrated into Do it Best's system. Do it Best continued to customize the software over time, and, at least by the end of 1992, the Real World software used by Do it Best had become so customized that the updates and modifications issued periodically by Real World were not useful in Do it Best's system.

According to Do it Best, the license agreement with Passport expired, by its terms, on January 19, 1994, effectively terminating the parties' rights and duties under the contract. According to Passport, however, the parties orally agreed to extend the operation of the license agreement until approximately

January of 2001. It is unclear what, if anything, transpired between the parties during the years from 1994 through 2000. But, on November 30, 2000, Do it Best signed a license agreement with Great Plains Software, Real World's successor in interest and the new owner of the Real World software rights.

On February 14, 2001, Passport sent Do it Best a Notice of Default letter based on Do it Best's alleged failure to pay royalties in the years between 1994 and 2001; Passport demanded that Do it Best stop using the Real World software it had acquired through Passport and then customized over the years. Do it Best disagreed that it was in default and disagreed that it was required to stop using its software. When the parties were unable to resolve their dispute, Do it Best sued, seeking a declaratory judgment concerning its rights and duties under the 1989 license agreement. Shortly thereafter, Passport countersued, alleging breach of the orally renewed license agreement, trade secret misappropriation, unjust enrichment, conversion, civil conspiracy, and copyright and patent infringement. Passport later added a fraud claim against Do it Best, and a contributory copyright infringement claim against Thomas Burroughs, formerly Do it Best's corporate counsel and now an attorney with Barnes & Thornburgh, which represents Do it Best in this action. Passport alleges that Do it Best removed Passport's copyright notices from its software products, and that

Mr. Burroughs directed the removal of those notices; Passport alleges that Do it Best then distributed copies of the programs with the copyright notices removed.[1]

Mr. Burroughs, who left Do it Best to join Barnes & Thornburgh in July of 2001, was part of the initial team representing Do it Best in this action. Roughly six months after the case was filed, Passport moved to disqualify Mr. Burroughs and the entire Barnes & Thornburgh firm. Shortly thereafter, on June 24, 2003, Mr. Burroughs withdrew his appearance, and Passport withdrew the motion with respect to Barnes & Thornburgh. After adding the contributory copyright infringement claim against Mr. Burroughs, however, Passport renewed its motion to disqualify Barnes & Thornburgh. Judge Pallmeyer referred the motion to this Court on January 9, 2004.

## Discussion

"[D]isqualification . . . is a drastic measure which courts should hesitate to impose except when absolutely necessary." *Cromley v. Board of Education of Lockport Township High School District 205*, 17 F.3d 1059, 1066 (7th Cir. 1994). Tangentially, because disqualification deprives a party of the representation of his choice, the potential exists that a motion to disqualify may be misused by a party to harass his opponent. Accordingly,

---

[1] Mr. Burroughs and Do it Best have moved to dismiss the fraud and contributory copyright infringement counts.

4

courts must view motions to disqualify with "extreme caution." *Chemical Waste Management v. Sims*, 875 F.Supp. 501, 503-04 (N.D. Ill. 1995) (citing *Richardson-Merrell, Inc. v. Koller*, 472 U.S. 424, 436 (1985); *Freeman v. Chicago Musical Instrument Co.*, 689 F.2d 715, 722 (7th Cir. 1982)).

That aside, disqualification is sometimes necessary "to safeguard the sacrosanct privacy of the attorney-client relationship so as to maintain public confidence in the legal profession and to protect the integrity of the judicial proceeding." *Sims*, 875 F.Supp. at 503. Where, for example, an attorney switches sides in the middle of a case, disqualification may be necessary because of the risk - real or potential - that the attorney will share the former client's secrets or confidences with the new client. Interestingly, Passport seeks to avoid that risk, not on behalf of itself, but on behalf of its adversary. Passport has moved to disqualify the law firm of Barnes & Thornburgh allegedly because attorneys in that firm may be put in the awkward position of having to provide evidence or testimony that might prejudice the firm's client, Do it Best.

Passport argues that disqualification is warranted because, prior to the filing of this lawsuit, Barnes & Thornburgh provided legal advice to Mr. Burroughs, who was then in-house counsel at Do it Best. Passport argues that Barnes & Thornburgh should be disqualified because of the potential conflict of interest that

5

exists by virtue of the fact that Barnes & Thornburgh attorneys may ultimately be called upon to provide evidence that is prejudicial to Do it Best, and because, at some point, Barnes & Thornburgh may even be named as a defendant in this case. As for the latter, when and if that day comes, Passport can (to the extent permitted by Rule 11) renew its motion, and the Court will consider the argument at that time; for now, it is premature. As for the former, the Court is not persuaded that this argument justifies disqualification.

In three fairly recent cases, courts in this district were confronted with the question of whether a law firm should be disqualified after a former in-house counsel for a client of the petitioning law firm--who had defended the client against the plaintiffs therein--filed a personal injury action against the client and retained the firms's adversary in those cases to represent her. As even Passport would surely agree, that situation potentially presented a far greater risk of prejudice than does the situation actually facing the Court. Yet, without exception, the judges hearing those cases declined to disqualify the law firm. *See Burrow v. Northeast Illinois Regional Commuter Railroad Corp.*, No. 00 C 3648, 2002 WL 924857 (N.D. Ill. May 6, 2002); *Keane v. Northeast Illinois Regional Commuter Railroad Corp.*, No. 01 C 43, 2002 WL 959806 (N.D. Ill. May 9, 2002); *Williams v. Northeast Illinois Regional Commuter Railroad Corp.*,

No. 00 C 2250, 2002 WL 1160097 (ND. Ill. May 29, 2002). If the circumstances presented in those cases did not warrant disqualification, the circumstances presented in this case certainly do not.

The Court recognizes that, in extreme cases, disqualification may be appropriate, even in the absence of a risk of actual prejudice to a party. *See Commonwealth Insurance Co. v. Stone Container Corp.*, 178 F.Supp.2d 938, 943 (N.D. Ill. 2001) ("The maintenance of public confidence in the propriety of the conduct of those associated with the administration of justice is so important a consideration ... that a court may disqualify an attorney for failing to avoid even the appearance of impropriety.")(quoting *International Business Machines Corp. v. Levin*, 579 F.2d 271, 283 (3d Cir. 1978)). But Passport has given the Court no reason to think that Barnes & Thornburgh's representation would somehow tarnish the public's image of this Court or the attorneys who practice here. Nor has Passport persuaded the Court that Barnes & Thornburgh's representation will run afoul of any of the rules of professional conduct governing Mr. Burroughs and all of the other attorneys involved in the case. Even if one or more of the attorneys at the firm eventually is required to testify at trial, that by itself does not pose a problem. *See, e.g.*, Local Rule 83.53.7 ("[e]xcept as prohibited [by these rules], a lawyer may act as advocate in a

trial or evidentiary proceeding in which another lawyer in the lawyer's firm may be called as witness . . . ."). Based upon what Passport has provided - the mere possibility that one or more attorneys at Barnes & Thornburgh, who serve with Do it Best's consent, may at some point be required to provide evidence or testimony that may be prejudicial to Do it Best - the Court is unwilling to take the drastic measure of disqualifying an entire law firm. Indeed, on the record before it, the Court would be hard pressed to disqualify even Mr. Burroughs, and he has already withdrawn from the case.

## Conclusion

For the reasons set forth above, the Court finds that the disqualification of Barnes & Thornburgh and all of the attorneys of record for Do it Best Corporation is unwarranted. Accordingly, the Court recommends that the district court deny Passport's motion.

Dated: March 11, 2004

RESPECTFULLY SUBMITTED:

_____
ARLANDER KEYS
United States Magistrate Judge

Counsel have ten days from the date of service to file objections to this Report and Recommendation with the Honorable Rebecca R. Pallmeyer. See Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1). Failure to object constitutes a waiver of the right to appeal. *Egert v. Connecticut General Life Ins. Co.*, 900 F.2d 1032, 1039 (7th Cir. 1990).